

# AARON S. KAUFMAN AND ASSOCIATES, LLC
368 Veterans Memorial Highway Suite 6, Commack, NY 11725 – (631)-366-2172 – fax: (631)-366-1728

February 19, 2015

Magistrate Judge Arlene R. Lindsay
United States District Court
Eastern District of New York
814 Federal Plaza,
Central Islip NY 11722-4451

Re:   Bonilla v. John Doe Nos. 1-10, Jane Loe Nos. 1-10, and Roe Corps. 1-10,
      Civil Action No. 2:15-cv-00598 (JMA) (ARL)

Dear Magistrate Judge Lindsay:

I represent the Plaintiff Jeanine Bonilla ("Mrs. Bonilla") in the above-captioned action. I bring this letter-motion pursuant to Local Rule 7.1(d), Local Rule 37.3, and pursuant to Your Honor's Individual Practices, Rule 2.A.1.

I bring this letter-motion (1) in order to seek temporary relief from the requirement that Mrs. Bonilla serve a copy of the Complaint on Defendants Doe 1-10, Loe 1-10, and Roe Corporations 1-10 (hereinafter "the John Doe Defendants") until such time as their real identities can be ascertained, and (2) in order to seek permission to proceed with early discovery for the purposes of ascertaining the true identity of the John Doe Defendants so that they can be properly served and to allow this lawsuit to proceed against them.

On February 18, 2015, I contacted chambers *ex parte* in order to ascertain the proper vehicle through which Mrs. Bonilla might request the aforementioned relief, whereupon I was instructed to file the instant letter-motion.

I contacted chambers *ex parte* because of my inability to locate the John Doe Defendants and/or ascertain the existence of Defense counsel. For this same reason, I have been unable to confer with opposing counsel concerning the John Doe Defendants' position on this letter-motion, as would normally be required by the local rules and Your Honor's Individual Practices. I therefore further request that the requirement that Mrs. Bonilla confer with the John Doe Defendants prior to requesting preliminary relief from this Court – where that preliminary relief's ultimate goal is simply to identify and locate the John Doe Defendants – be relaxed until the John Doe Defendants may be located and/or counsel appears in this action on their behalf.

Mrs. Bonilla alleges in her Complaint that she is the victim of an internet-scam commonly known as an "advance fee" scam, wherein the John Doe Defendants convinced Mrs. Bonilla to wire to them over $24,000.00. (See Complaint, ¶¶ 18-36). She has reason to believe that the

same Defendants have perpetrated this scam many times over, switching names but utilizing the same internet service provider and bank accounts. It is this internet service and bank information that Mrs. Bonilla now seeks to obtain through early discovery.

**The Court Should Not Require Mrs. Bonilla to Serve
the John Doe Defendants Until They Can Be Identified**

Mrs. Bonilla is not, at present, able to identify the John Doe Defendants by their true names; attempts at locating them using the names they provided revealed that (in some cases) the John Doe Defendants provided fictitious names and that (in other cases) the John Doe Defendants provided names of actual individuals and corporations that Mrs. Bonilla has good reason to believe are impersonations.

By way of example, Defendant John Doe 2, the primary person with whom Mrs. Bonilla was in contact with, identified himself as a Mr. Daniel Turdik of Chicago. (See, e.g., Complaint at ¶ 11). Reasonable attempts to locate an actual person by that name have failed. Defendant Roe Corporation No. 3 identified itself as being the Mexican bank "Banamex." (e.g., Complaint at ¶ 15). However, a reasonable investigation revealed this to be an impersonation, as all electronic communications from Roe Corp. No. 3 came from e-mail addresses bearing the domain name "banamexnacionalmx.com," whereas actual e-mail communications from Banamex bank should have borne e-mail addresses having the domain name "banamex.mx" (Complaint at ¶ 37(d)).

Mrs. Bonilla, therefore, has been placed in the unfortunate position where she is aware that she has been defrauded, but does not know the true names of those John Doe Defendants that actually perpetrated said fraud.

In such cases, it is common practice for this Court to assist in the identification of said John Doe Defendants when it can, and to delay the requirement that process be served on John Doe Defendants until such time as they can be identified. See e.g., Edwards v. Stefano, No. 13-CV-4345 (JS) (AKT), 2013 WL 6094571 at *4 (E.D.N.Y. Nov. 18, 2013) (ordering the Nassau County Attorney to "produce the information specified above regarding the identity of Corporal John Doe to the Plaintiff and to the Court within two (2) weeks from the date that this Order is served upon him. Once this information is provided, Plaintiff's Complaint will be amended to include the name for the person currently identified as Defendant Corporal John Doe. At that time, the Clerk of the Court shall issue a Summons and shall forward copies of the Summons and the Complaint to the United States Marshall's Service for service upon the Defendant currently identified as Corporal John Doe…..").

The Court should, consistent with its prior practices, allow Mrs. Bonilla the chance to ascertain the identity of the John Doe Defendants before requiring her to serve them with process and confer with them concerning the proper management of this litigation. Once the John Doe Defendants have been identified – and of course, immediately, should any of the Defendants appear through counsel – Mrs. Bonilla will amend her complaint to name said Defendants and proceed to prosecute this case in the usual manner.

## The Court Should Allow Early Discovery into the John Doe Defendants' Identities

A party may seek expedited discovery before a Fed. R. Civ. P. Rule 26(f) conference when so authorized. Courts have commonly stated that they should "use a flexible standard of reasonableness and good cause" when considering to authorize early discovery – particularly early discovery concerning the identity of a John Doe Defendant. Next Phase Distribution Inc. v. John Does 1-27, 284 F.R.D. 165, 171-2 (S.D.N.Y. 2012) (internal citations omitted) (ordering expedited discovery from internet service provider as to "John Doe" user's identity so that said John Doe Defendant could be named in the lawsuit). See also Edwards, 2013 WL 6094571 at *4.

As in Next Phase, Mrs. Bonilla has conducted an investigation into the identity of the John Doe Defendants. Mrs. Bonilla's investigation has revealed that all of the John Doe Defendants that have sent her electronic communications have done so through the same internet account at an internet service provider known as "bluehost.com" (See Complaint at ¶¶ 37-39). In addition, Mrs. Bonilla has further been able to identify the username of that single account at bluehost.com. Bluehost.com has refused to release its user information absent a court order. Mrs. Bonilla thus requests that this Court grant her the ability to seek early discovery of this information from bluehost.com – namely discovery from bluehost.com as to the identity of the person(s) using the John Doe Defendants' username, as well as information concerning how said user(s) internet service bill has been paid (which may be the best way to affirmatively identify the John Doe Defendants). Allowing such early discovery is necessary to allow this lawsuit to progress, and motions requesting as much are readily granted. See Next Phase, 284 F.R.D. at 171-2 (because "Next Phase…cannot identify John Doe 1 without a court-ordered subpoena, the Court agrees that there is good cause to allow for early discovery.")

Mrs. Bonilla has also identified one of the bank accounts having received at least three of her wire transfers. The account appears to be held either at Citigroup or at a bank that is a subsidiary of Citigroup. Mrs. Bonilla thus also requests that the Court allow her to seek early discovery concerning the identity of the owner of the bank account to which she had wired the Defendants her funds.

For the aforementioned reasons, Mrs. Bonilla's letter-motion should be granted.

Please do not hesitate to contact me with any questions or concerns.

Yours sincerely,

Aaron S. Kaufman

filed by ECF 2/19/2015
cc to chambers by FedEx at address above per MJ ARL Individual Practices Rule 2.C.3